UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King Jr. Federal
Bldg. & U.S. Courthouse
50 Walnut Street, Room 2042
Newark, NJ 07102
(973) 776-7858

January 11, 2017

To: Robert Lee Yates, Pro Se
243267B/#211104
Adult Diagnostic and Treatment Center
8 Production Way
Avenel, NJ 07001

All counsel of record

**LETTER OPINION AND ORDER**

RE: **Robert Lee Edwards v. Sherry Yates, et. al.**
**Civil Action No. 15-5780 (ES)(MAH)**

Dear Litigants:

Presently before the Court is Plaintiff pro se Robert Lee Edwards's application for Pro Bono Counsel pursuant to 28 U.S.C. § 1915(e)(1) [D.E. 22]. For the reasons set forth below, Plaintiff's application is denied.

**Background**

Plaintiff filed this pro se action in July 2015, claiming that while incarcerated at the Adult Diagnostic and Treatment Center ("ADTC") in Avenel, New Jersey, Defendants, Administrator Sherry Yates and other ADTC staff and supervisors violated Plaintiff's federal constitutional rights. See generally Sec. Am. Compl., D.E. 23. Specifically, Plaintiff has alleged that Defendants denied Plaintiff's requests for protective custody housing, wrongly disciplined Plaintiff for refusing to comply with a housing assignment, acted with deliberate indifference to Plaintiff's medical condition, post-traumatic stress disorder ("PTSD"), and violated the Americans with Disabilities Act ("the ADA") by failing to accommodate Plaintiff's medical condition. Id.

On November 4, 2016, the Court *sua sponte* dismissed Plaintiff's First Amended Complaint for failing to state a claim upon which relief could be granted [D.E 20, 21]. Most of Plaintiff's claims were dismissed without prejudice, and Plaintiff filed the now operative Second

Amended Complaint on November 16, 2016 [D.E. 23].  Also on November 16, 2016, Plaintiff filed this motion to appoint pro bono counsel [D.E. 22].

**Discussion**

In civil cases, neither the Constitution nor any statute gives civil litigants the right to appointed counsel.  Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  District courts, however, have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e).  Montgomery v. Pinchack, 294 F.3d 492, 498 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)).  Appointment of counsel may be made at any point in the litigation, including *sua sponte* by the Court.  Montgomery, 294 F.3d at 498 (citing Tabron, 6 F.3d at 156).

In the Third Circuit, a court considers the framework established in Tabron.  Montgomery, 294 F.3d at 498-99.  Under the Tabron framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and law."  Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155).  If the applicant's claim has some merit, the Court considers the following factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457-58 (citing Tabron, 6 F.3d at 155-56, 157 n.5).  This list is not exhaustive, but provides guideposts for the Court.  Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 457).  A court's decision to appoint counsel "must be made on a case-by-case basis."  Tabron, 6 F.3d at 157-58.  Also, the Court of Appeals for the Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."  Montgomery, 294 F.3d at 499 (Parham, 126 F.3d at 458).

Here, with respect to the first Tabron prong, the Court assumes that Plaintiff's claim has merit for the purposes of this motion.  Nevertheless, consideration of the Tabron factors does not demonstrate that appointment of counsel is warranted at this time.

First, Plaintiff appears to be able to present his case.  When considering the ability to present a case, courts generally consider a plaintiff's "education, literacy, prior work experience, and prior litigation experience."  Tabron, 6 F.3d at 156.  Based upon the present record, Plaintiff has demonstrated a basic understanding of the actions he should take in furtherance of his claim.  For example, Plaintiff has filed motions and letters with the court, including a motion to amend

his complaint and a motion for a temporary restraining order [D.E. 6, 15]. Most recently, Plaintiff diligently filed a Second Amended Complaint pursuant to Judge Salas's Order dismissing the First Amended Complaint [D.E. 23]. A review of Plaintiff's complaints, both the original and amended, indicates that he provided a detailed explanation of his causes of action, which demonstrates his ability to pursue his claims. Plaintiff adequately articulated the factual circumstances, surrounding his alleged claims. Based upon the allegations and the facts from which they arise, and because "the factual and legal issues 'have not been tested or developed by the general course of litigation'" in a way that shows any level of complexity, Plaintiff has not demonstrated an inability to present his case. Burns v. Taylor, Civ. No. 08-4234, 2008 U.S. Dist. LEXIS 83809, at *3 (D.N.J. Oct. 9, 2008) (quoting Chatterjee v. Philadelphia Federation of Teachers, 2000 U.S. Dist. LEXIS 10278, at *1 (E.D. Pa. July 18, 2000)). For these reasons, this factor weighs against appointment of counsel.

Second, Plaintiff's claims do not involve complex legal issues. Complexity supports appointment "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." Tabron, 6 F.3d at 156 (quoting Macklin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)); accord Montgomery, 294 F.3d at 502. Courts also consider "the proof going towards the ultimate issue and the discovery issues involved." Parham, 126 F.3d at 459; see also Montgomery, 294 F.3d at 502-03 (finding appointment appropriate when, despite simple legal issues, discovery and presentation difficulties compromised plaintiff's case). Here, appointment of counsel is not warranted because the factual and legal issues involved in the case are not especially complicated. Plaintiff fails to provide an adequate explanation in his pro bono application as to why he believes his claims contain complex legal issues. Accordingly, the second Tabron factor weighs against Plaintiff because it does not appear that his claims present complex legal issues.

Third, there is no indication that Plaintiff lacks the ability to conduct a factual investigation without the assistance of counsel. Nothing suggests that discovery in this case would be complicated or unduly burdensome. The claims appear to involve a relatively discreet set of facts, many of which Plaintiff presumably has personal knowledge, or at a minimum, is equipped to investigate. If this case proceeds, Plaintiff will have access to the discovery tools in the Federal Rules of Civil Procedure to investigate his claims as well as any defenses or counterclaims. See Fed. R. Civ. P. 26. Thus, the third Tabron factor also weighs against appointment of counsel.

Fourth, it is premature for the Court to conclude that this case will turn on credibility determinations. Because "it is difficult to imagine" a case where credibility is not important, the Court of Appeals for the Third Circuit has specified that "when considering this factor, courts should determine whether the case [is] solely a swearing contest." Parham, 126 F.3d at 460. At this early stage of the litigation, the extent to which this case will rest on credibility determinations is not yet apparent. Accordingly, this factor militates neither in favor nor against appointing counsel.

Fifth, there is no indication that any expert testimony will be required at trial. Plaintiff's allegations of Defendants' violations of his due process rights regarding housing assignments and Defendants' violations of the ADA would be understandable to a lay person without the assistance of an expert. See, e.g., Montgomery, 294 F.3d at 504 (holding "expert testimony is necessary

3

when the seriousness of the injury or illness would not be apparent to a lay person."). Thus, the fifth Tabron factor does not favor appointment.

Sixth, Plaintiff's inability to afford counsel alone is an insufficient reason to appoint counsel. Besides stating that he cannot afford an attorney on his own, Plaintiff has not provided the Court with any financial records upon which to determine his financial means. While Plaintiff has been granted in forma pauperis status, indigency alone does not warrant the appointment of counsel absent satisfying the other Tabron factors.

This record does not meet most of the Tabron factors, and, therefore, the Court finds that appointment of *pro bono* counsel is inappropriate at this time. Cf. Parham, 126 F.3d at 461 (finding appointment appropriate where most factors are met). For all the reasons set forth above, the Court denies Plaintiff's application for the appointment of pro bono counsel without prejudice.

**Conclusion**

A balancing of the factors set forth above does not weigh in favor of granting Plaintiff's request for counsel at this time. Therefore, Plaintiff's application of the appointment of pro bono counsel [D.E. 22] is denied without prejudice.

So Ordered,

*/s Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**